DEPARTMENT OF HEALTH AND HUMAN SERVICES, Appellant,

v.

Frederick G. JOHNSON, and Vallera J. Johnson, a/k/a Vallera K. Joyner, Debtors-Appellees.

No. 84 C 8558.

United States District Court, N.D. Illinois, E.D.

Jan. 16, 1985.

Dan K. Webb, U.S. Atty., James J. Kubik, Asst. U.S. Atty., Chicago, Ill., for appellant.

Vallera J. Johnson, pro se.

## MEMORANDUM OPINION AND ORDER

PARSONS, Senior District Judge.

This is an appeal from a decision of the Bankruptcy Court allowing the debtors to amend their Chapter 13 Plan to include all student loans (with the exception of one owed to the University of Illinois and one received after the filing of the Chapter 13 Plan.)

Frederick Johnson is a medical student and his wife is the attorney, who is handling this litigation. The student loan at issue is a Health Education Assistance Loan in the amount of $10,000. The Health Education Assistance Loan program is authorized by 42 U.S.C. § 294 and provides guarantees by the Department of Health and Human Services in the event of bankruptcy or default on loans made by private lenders to students in the health professions.

The discharge of a Health Education Assistance Loan is controlled under the same statute which authorizes the program, namely 42 U.S.C. § 294. The specific provision, 42 U.S.C. § 294f(g), provides in part that this type of loan may not be discharged for any reason prior to the expiration of five years from the start of the repayment period.

In this case, Mr. Johnson's repayment period has not yet started to run, as he is still a medical student. Under the terms of the statute any discharge of this loan would be improper until five years after the start of his repayment period.

In paragraph 7 of Judge Toles' ruling of August 29, 1984, the Department's motion to amend was denied based on a case the citation of which is *In re Hawkins*, 33 B.R. 908, 910 n. 3 (Bankr.S.D.N.Y.1983). The *Hawkins* case, however, does not deal with Health Education Assistance Loans and, therefore, is not on point.

It is clear that the loan at issue here can be discharged only under the terms of the statute which specifically controls its discharge, 42 U.S.C. § 294f(g). Even if there were no controlling provision, it would be inequitable to provide otherwise. There rightfully is a higher standard for the discharge of a medical student's loan under this program. This higher standard is reasonable in light of the fact that after graduation it is expected that the income of these health professionals would be considerably higher than the income of other students. To discharge a loan to a medical student under this program, even before the loan becomes due flies in the face of the purpose for which the program was created.

In summary, 42 U.S.C. § 294f(g) controls the discharge in bankruptcy of a Health Education Assistance Loan. Under this section, the loan is not dischargeable (1) until five years have expired after repayment of the loan is first due, (2) until the bankruptcy court makes the finding that non-discharge would be unconscionable, and (3) until the Secretary has waived his rights under subsection (f) of 42 U.S.C.

 

§ 294f. The bankruptcy court's decision of August 29, 1984, denying the Department's motion to exclude the Health Education Assistance Loan from the debtor's Chapter 13 Plan is reversed. This loan is not subject to discharge under 11 U.S.C. § 1328(a) upon completion by the debtors of all payments under their plan.