**In re Benjamin Stanley DUNEVITZ and Mayette (NMN) Dunevitz, Debtors.**

**UNITED STATES of America, Plaintiff,**

v.

**Benjamin Stanley DUNEVITZ, Defendant.**

**Bankruptcy No. 86–B–12313–E. Adv. No. 88–A–0400.**

United States Bankruptcy Court, D. Colorado.

Dec. 16, 1988.

_____

Chalk S. Mitchell, Denver, Colo., for plaintiff.

Max S. Bowlden, Denver, Colo., for defendant.

MEMORANDUM OPINION
AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court on the Plaintiff's Complaint to determine dischargeability of Health Education Assistance Loans, so-called "HEAL" loans and for judgment. The issue presented is whether or not the discharge of a HEAL loan made pursuant to 42 U.S.C. § 294, is governed by the provisions of 11 U.S.C. § 1328(a) or by subsection 294f(g) of Title 42. It is a case of first impression in this District.

*Background and Findings of Fact*

Trial was before the Court, but the essential facts were not disputed. The Court finds as follows:

1. Defendant, Dr. Benjamin Stanley Dunevitz, on June 27, 1983, November 28, 1983, June 14, 1984, and February 24, 1985, applied for and was granted HEAL loans in the amounts of $2,500.00, $8,400.00, $9,722.00, and $9,722.00, respectively. Defendant signed a statement when these loans were made acknowledging the nondischargeability of the HEAL loans. Specifically, under Item 6 Borrowers Responsibilities, " ... Federal law precludes me from discharging this loan in bankruptcy until after the first five years of the repayment period."

2. On July 28, 1983, December 19, 1983, July 10, 1984, and April 12, 1985, the Defendant signed promissory notes payable to Boatmen's National Bank with interest at variable annual percentage rates.

3. The Student Loan Marketing Association ("Sallie Mae") purchased and received an assignment of Defendant's HEAL notes from Boatmen's National Bank of St. Louis.

4. Defendant was scheduled to begin payment on his HEAL loans on October 1, 1986. Sallie Mae sent Defendant several demand letters. Defendant failed to respond to the demand letters and the loans were declared in default.

5. On March 27, 1987, Sallie Mae filed an insurance claim with the Department of Health and Human Services ("HHS") for the amount of Defendant's loans plus interest, $41,138.00. This claim was paid by HHS and it received an assignment of the notes. HHS sent Defendant demand letters on May 15, 1987 and July 9, 1987. Defendant did not respond to these demand letters.

6. As of September 30, 1987, Defendant owed HHS $42,592.19 for the HEAL loans ($41,138.00 in principal and $1,454.19 in interest). Despite the attempts to collect on the HEAL loans, Defendant has not made a single payment.

7. Three months after Defendant's first payment was due on his HEAL loans, he filed a Voluntary Joint Petition for Relief under Chapter 13 of the Bankruptcy Code, on December 16, 1986. No payments on these loans are proposed under the Chapter 13 Plan.

8. On May 19, 1988, the Plaintiff filed its Complaint commencing this case to determine the dischargeability of the HEAL loans.

*Opinion and Conclusions of Law*

Plaintiff maintains that the HEAL loans are not dischargeable in Chapter 13 (7, 11 and 12, as well), except in accordance with the provisions of 42 U.S.C. § 294f(g), which provides in pertinent part as follows:

(g) A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under title 11, ... only if such discharge is granted—

(1) after the expiration of the 5–year period beginning on the first date, ... when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable....

The Defendant asserts that the HEAL loans are dischargeable pursuant to 11 U.S.C. § 1328(a), because (1) the discharge granted by Chapter 13 is comprehensive and within the "complete statutory scheme" of the Bankruptcy Code, and (2) because the Bankruptcy Code should prevail over other inconsistent, ambiguous or contradictory federal statutes, here § 294f(g).

This Court concludes that the HEAL loans are not dischargeable in bankruptcy except in strict accord with the provisions of 42 U.S.C. § 294f(g) and 11 U.S.C. § 1328(a).

The Court adopts the decision in *Matter of Johnson*, 787 F.2d 1179 (7th Cir.1986) affirming *Department of Health and Human Services v. Johnson*, 45 B.R. 885 (N.D.Ill.1985). According to the *Johnson* decision:

To give meaning to both section 294f(g) and section 1328(a), section 294f(g) must be the limited exception to section 1328(a)'s general rule that educational loans are dischargeable. Accordingly,

when any debtor is seeking to discharge an HEAL loan, he or she must meet the three requirements specified in section 294f(g).

*Matter of Johnson, supra* at 1182.

42 U.S.C. § 294f(g) controls the discharge in bankruptcy of a Health Education Assistance Loan. Under this section, the loan is not dischargeable (1) until five years have expired after repayment of the loan is first due, (2) until the bankruptcy court makes the finding that non-discharge would be unconscionable, and (3) until the Secretary has waived his rights under subsection (f) of 42 U.S.C. § 294f.

*Department of Health and Human Services v. Johnson, supra* at 886.

Equally persuasive and right on point is *U.S. v. Lee,* 89 B.R. 250 (N.D.Ga.1988). In *Lee,* five different HEAL loan cases were consolidated and, not incidentally, they involved facts and arguments very similar to the within case. The Court reasoned that the HEAL statute, more recently enacted than the Code and very specific as to language and intent, must prevail over the broader discharge provisions of Section 1328(a). *U.S. v. Lee, supra* at 254. It concluded that:

> The court simply cannot ignore the plain meaning of the reference in § 294f(g) to any discharge under 'Title 11.' The legislative history cited by the bankruptcy court concerning § 1328(a) makes it clear the Congress was aware of the 'super discharge' provision of § 1328(a) when it enacted § 294f(g). If Congress had not intended § 294f(g) to have an effect on § 1328(a), it certainly could have worded § 294f(g) not to apply to § 1328(a).

> The requirements of § 294f(g) clearly impose more stringent repayment obligations on HEAL borrowers than are imposed on other types of student borrowers. This distinction, however, is not surprising in that HEAL borrowers are entering the very lucrative health care profession. In passing § 294f(g), Con-

gress intended to prevent HEAL borrowers from attempting to eliminate sizeable student loan debt, paid from tax dollars, before commencing a highly remunerative profession.

*U.S. v. Lee, supra* at 255.

Here, the Defendant is a doctor who is attempting to summarily discharge a $42,-592.19 debt with no evident effort to repay the loan. Failure to pay this student loan obviously redounds to the detriment of the taxpayer, and for that matter, the integrity and future of this and other student loan programs. Clear and important policy statements were made by Congress in drafting the HEAL law and when it purposely restricted the discharge of these particular student loans. The Bankruptcy Court cannot allow a debtor to circumvent that public policy, or to achieve a quick discharge exclusively through the Bankruptcy Code, when he otherwise cannot do so under other federal law.[1]

A HEAL loan is not unconditionally and forever barred from discharge by Congress as, say, child support obligations pursuant to Section 523(a)(5) and Section 1328(a)(2). A HEAL loan may be discharged when, and if, the conditions of Section 294f(g) *and* Section 1328(a) are fulfilled. There is, as well, no express prohibition of including a HEAL obligation in a Chapter 13 plan. Consequently, a debtor is entitled to treat his debt on a HEAL loan as an unsecured claim under the plan. *U.S. v. Lee, supra* at 257.

In this case, under these particular circumstances, the dischargeability issue of the HEAL loan under Section 1328(a) is not ripe; it cannot be answered with finality and certainty. Conclusive determination may be made later in the case, if, and after, the requisites of Section 294f(g) and/or Section 1328(a) are satisfied. This judgment will serve as a declaratory judgment, but without *res judicata* effect, so as to not preclude a future adversary proceeding

---

1. The issue of good faith filing, or compliance with 11 U.S.C. § 1325(a)(3) was not raised by the Plaintiff, but it is an element which might well be, in these circumstances, a basis for ob- jection to confirmation of the Chapter 13 Plan. *Flygare v. Boulden,* 709 F.2d 1344 (10th Cir. 1983).

to obtain a final judgment at an appropriate time. *See, In re Cleveland*, 64 B.R. 810, 812 (Bankr.S.D.Ca.1986), *U.S. v. Lee*, *supra* at 257, and B.R. 4007(b).

IT IS THEREFORE ORDERED that judgment is entered for the Plaintiff. Debtor's HEAL obligations are, at this time and under the existing circumstances, deemed not dischargeable pursuant to 42 U.S.C. § 294f(g) and 11 U.S.C. § 1328(a).