In re David Benjamin RYAN and
Carol J. Ryan, Debtors.

**Bankruptcy No. 396–34108psh12.**

United States Bankruptcy Court,
D. Oregon.

Jan. 14, 1999.

John D. Albert, Albert & Tweet, LLP, Salem, Oregon, for the debtor.

Wesley F. McNamara, IRS District Counsel, Portland, Oregon, for the IRS.

1. All references to section numbers hereafter shall be to Title 11 unless otherwise specifically indicated.

MEMORANDUM OPINION

POLLY S. HIGDON, Chief Judge.

This matter came before the court on the objection of the United States of America, through the Internal Revenue Service, (the "IRS"), to confirmation of the debtors' second modified Chapter 12 plan. The IRS contends that the proposed modified plan violates 11 U.S.C. § 1226(b)(1) [1] and that confirmation consequently must be denied.

The IRS holds two claims in this case, a secured claim in the amount of $106,934 and an administrative expense claim in the amount of $27,590. It is the latter which is the subject of its objection. It arose from the debtors' failure, between the filing date and confirmation of their first plan, to pay postpetition employment taxes as they came due. Although the bankruptcy case was filed on June 3, 1996, the IRS filed no request for payment of its administrative expense claim until August 14, 1998. The debtors did not provide for this claim in either of their earlier confirmed plans.

The administrative expense claim is treated in the debtors' latest plan as being paid at the rate of $1,840 per month for the months of November through March over a period of three years. The plan also provides that during the three year period in which the debtors are making payments to the IRS on this claim they will also be making payments to prepetition secured creditors.

The IRS contends that the Bankruptcy Code forbids distribution of payments to any of the debtors' prepetition creditors until all administrative expense claims have been paid in full. The debtors assert that the Code allows administrative expense claims to be paid in deferred cash payments over the life of the plan concurrently with deferred payments to their prepetition creditors.

ANALYSIS

The parties' arguments implicate §§ 1222(a)(2), 1222(b)(4), 1226(b)(1), 507(a)(1) and 503(b).

Section 1222(a)(2) requires that a plan:

provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim;

Section 507(a)(1) states:

The following expenses and claims have priority in the following order:

(1) First, administrative expenses allowed under section 503(b) of this title, and any fees and charges assessed against the estate under chapter 123 of title 28.

Section 503(b) states in part:

After notice and a hearing there shall be allowed administrative expenses ... including—...

(B) any tax—

(i) incurred by the estate ...

Section 1222(b)(4) states that a plan may: provide for payments on any unsecured claim to be made concurrently with payments on any secured claim or any other unsecured claim;

Section 1226(b)(1), which governs distribution of payments by the chapter 12 trustee, states:

(b) Before or at the time of each payment to creditors under the plan, there shall be paid—

(1) any unpaid claim of the kind specified in section 507(a)(1) of this title;

The IRS concedes that § 1222(a)(2) allows the debtors to pay administrative expense claims with deferred payments. Its agreement with the debtors ends there. Additionally, it contends that the plain language of § 1226(b)(1) dictates that any and all such deferred payments made by the debtors' plan be directed toward payment of the administrative expense claim until that claim has been paid in full. In so interpreting § 1226(b)(1) the IRS focuses on the phrase "shall be paid." It argues that "it is difficult to find a layman who does not hear [that phrase] to require full payment." (IRS brief in support of its objection to plan confirmation).

Contrarily, the debtors interpret § 1226(b)(1) with emphasis on the phrase "before or at the time of *each* payment to creditors under the plan ..." They believe that this language allows for payment concurrently with more than one payment to other creditors.

The IRS explains the statutory reference to "each payment" as providing only for concurrent payments to creditors other than administrative expense claimants when a periodic plan payment is sufficient in amount to pay in full the balance of all administrative expense claims and provide an excess for distribution to those creditors. By way of illustration it likens distribution to prepetition creditors to "the second pool in a waterfall flowing down through two pools, where the second pool receives nothing until the higher pool is filled to overflowing." (IRS brief in support of its objection to plan confirmation.)

The IRS concedes not only that there appears to be no published case law which supports its position, but that there are four published cases in which the courts have held that administrative expenses need not be paid in full before payments can be made to other creditors. The cases are *In re Shorb,* 101 B.R. 185 (9th Cir. BAP 1989), *In re Teigen,* 142 B.R. 397 (Bankr.D.Mont.1992), *In re Palombo,* 144 B.R. 516 (Bankr.D.Colo. 1992), and *In re Parker,* 15 B.R. 980 (Bankr. E.D.Tenn.1981). In fact, only one case, *In re Parker,*[2] directly addresses the issue before this court. In *Parker* Judge Kelley analyzed each relevant statute in turn. This court agrees with his logic, which follows.

Section 1222(a)(2) addresses the treatment of priority claims in chapter 12. They must be paid in "deferred cash payments." "Deferred" simply means made in more than one payment and, unlike the required treatment of certain priority claims in chapter 11, made after the effective date of the plan. The language of this section does not address the division of payments between priority claims and all other claims.

Section 1222(b)(4) does not mandate, but allows, a plan to provide for payment on any unsecured claim to be made concurrently with payment on any other claim, whether

---

**2.** *Parker* is a chapter 13 case, but the content of the statutory provisions the *Parker* court analyzes

are identical to the chapter 12 statutes here implicated.

748

secured or unsecured. Priority claims by definition include administrative expenses and are unsecured. Consequently, administrative claims may be paid concurrently with either other secured or unsecured claims.

Sections 1222(a)(2) and (b)(4) treat all priority claims similarly. Section 1226(b)(1)[3] does not. It mandates that all priority claims which constitute administrative expenses allowed under § 503(b) and any fees and charges assessed under chapter 123 of Title 28 be paid at the same time as payments to other creditors. "This does not mean that priority claims under § 507(a)(1) cannot be paid in deferred cash payments. It means only that the trustee cannot make any payment on the claims of creditors unless at the same time he pays administrative expenses and fees or charges imposed by Title 28." *Parker* at 983.

■ Contrary to the government's interpretation, § 1226(b)(1) does not require the trustee to pay all administrative expenses in full before making any payments to other creditors. Section 1226(b)(1) and § 1222(b)(4), when read together, unambiguously allow more than one concurrent payment to administrative expense claimants and to other creditors. Under its "two pool" analogy the government misreads § 1222(b)(4) to allow for only *one* possible concurrent payment. The court is required, if possible, to construe the sections of a statute in a way that will give meaning to both. *United States v. Jackson,* 84 F.3d 1154 (9th Cir.1996), *cert. denied* —— U.S. ——, 117 S.Ct. 445, 136 L.Ed.2d 341 (1996); *Higa v. Transocean Airlines,* 230 F.2d 780 (9th Cir. 1955), *cert. dismissed,* 352 U.S. 802, 77 S.Ct. 20, 1 L.Ed.2d 37 (1956) ("[e]very part of a statute must be construed in connection with the whole, so as to make all parts harmonize, if possible, and give meaning to each.")

To further support its interpretation of § 1226(b)(1) the IRS points to the legislative history of § 1326(b)(1). It states:

subsection (a) requires that before or at the time of each payment any outstanding administrative expenses [and] any percent-

age fee due for a private standing Chapter 13 trustee be paid in full.

H.Rep. No. 95–595 95th Cong.2d Sess. 430 (1978)

■ Sections 1222(b)(4) and 1226(b)(1), when read together, are unambiguous. A court may resort to legislative history to aid in statutory interpretation only if the language of the statute is ambiguous. As these statutes, when read together, are not ambiguous, the court may not consider the legislative history.

The court concludes that the Bankruptcy Code allows the debtors to propose a plan which provides for payment of administrative expenses, over the life of the plan, concurrently with payments to secured or unsecured claims.

This memorandum opinion contains the court's findings of fact and conclusions of law and, pursuant to Fed.R.Bankr.Proc. 7052, will not be separately stated. The IRS's objection to confirmation of the debtors' second modified plan is overruled. The court will enter an order of confirmation.

---

**3.** In *Parker* the identical language in § 1326(b)(1) appeared in the Code at § 1326(a)(1).