In re Mayra Fe SOLER, Debtor.

Mayra Fe Soler, Plaintiff,

v.

United States of America, on behalf of its agency the United States Department of Health & Human Services as assignee of the Student Loan Marketing Association, Wisconsin Higher Education Aids Board, and United Student Aid Funds, Inc., Defendants.

Bankruptcy No. 00–40599.
Adversary No. 00–4081.

United States Bankruptcy Court,
D. Minnesota.

July 20, 2000.

## ORDER DISMISSING COMPLAINT

ROBERT J. KRESSEL, Bankruptcy Judge.

This proceeding came on for hearing on the motion of the United States seeking dismissal of the plaintiff's complaint. Cass S. Weil appeared for the plaintiff, Roylene A. Champeaux, Assistant United States Attorney, appeared for the United States, Jaime Preciado, Assistant Attorney General, appeared for the Wisconsin Higher Education Aids Board, and Craig W. Trepanier appeared for United Student Aid Funds, Inc.

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(a). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND

Mayra Fe Soler is thirty-nine years old and has worked as a public health dentist for more than eight years. She filed her Chapter 13 case on February 7, 2000, largely to address her student loan debt of approximately $260,000.

Since she completed her education and went into repayment more than seven years ago, Soler has consistently made sizeable monthly payments of approximately $1,400 on her student loans. Nevertheless, though she has made payments that exceed $100,000, the principal balance presently exceeds the amount she owed when repayment began by more than $50,000.

Soler borrowed twice from the Wisconsin Higher Education Aids Board in the original amounts of $15,000 and $20,000 in 1984 and 1985, respectively, at a rate of interest of 12.25% and 11%, respectively. The interest capitalizes every six months. Soler has paid $28,671.60 on the two WHEAB loans, and is presently scheduled to pay $231 per month pursuant to the Income Contingent Repayment Program. Soler's balance on the two WHEAB loans is $134,674.38.

Soler has three loans made by the U.S. Department of Health and Human Services, which loans are serviced by the Student Loan Marketing Association, Sallie Mae. She borrowed $13,500 at 7.615% in 1986, $17,690 at 7.625% in 1987, and $13,810 at 7.625% in 1988. A fourth loan was taken in 1992 to consolidate previous loans in the original principal amount of $51,809.52 at 9% interest. The consolidation loan was a Sallie Mae "Smart Loan" and is presently held by United Student Aid Funds, Inc. Since that time, Soler has made payments to Sallie Mae on the three HHS loans and the consolidation loan, totaling $75,754.79. She presently owes $124,008.84.

Soler brought this adversary proceeding to have the dischargeability of her student loans determined under 11 U.S.C. § 523(a)(8) and 42 U.S.C. § 294(g). She has withdrawn her original plan but in this adversary proceeding suggests that she will propose a Chapter 13 plan which would include five years of $1,400 monthly payments for a total of $84,000, virtually all of which would be paid to the defendants. In this adversary proceeding she seeks a determination that the balance of her student loans would be discharged. The United States moved to dismiss Soler's complaint for failure to state a claim upon which relief can be granted.

## DISCUSSION

The United States' essentially makes the argument that Soler's complaint is not ripe because a discharge is distant and uncertain. Soler may not get a plan confirmed or she may not complete payments under the plan and receive a discharge. Soler's circumstances may change in five years, particularly her income, and the result of a determination of undue hardship under 11 U.S.C. § 523(a)(8) or unconscionability under 42 U.S.C. § 294f(g) may be different in five years than a dischargeability determination under the same sections today.

The United States cites a number of cases in support of its argument that determination of the dischargeability of a Chapter 13 debtor's educational loans is not ripe until successful completion of a plan. In *Raisor v. Education Loan Servicing Center, Inc. (In re Raisor)*, 180 B.R. 163, 166–67 (Bankr.E.D.Tex.1995), the bankruptcy court concluded that because a Chapter 13 debtor is generally not entitled to a discharge until after completion of payments under a confirmed plan, "the issue of dischargeability is not ripe under Chapter 13 until either after the Chapter 13 plan has been successfully completed or the debtor has applied for a hardship discharge under § 1328(b)."

The *Raisor* court relied on a Fifth Circuit decision stating the same, with respect to dischargeability in a Chapter 13 case under § 523(a)(2)(A), in the case of *Rubarts v. First Gibraltar Bank (In re Rubarts)*, 896 F.2d 107, 109 (5th Cir.1990), also cited in the government's brief. *See also, Superior Court for the State of California, County of San Diego v. Heincy (In re Heincy)*, 858 F.2d 548, 550 (9th Cir. 1988) (dischargeability of restitution debt

not ripe for decision, if ever, until successful completion of plan payments), *cited in Rubarts,* 896 F.2d at 109; *United Student Aid Funds, Inc. v. Taylor (In re Taylor),* 223 B.R. 747, 750–51 (9th Cir. BAP 1998) (Chapter 13 debtor is generally not entitled to a discharge of debts until after completion of payments under a plan).

In *United States v. Lee,* 89 B.R. 250, 257 (N.D.Ga.1987), *aff'd United States v. Hochman (In re Hochman),* 853 F.2d 1547 (11th Cir.1988), the bankruptcy court held that whether a loan is dischargeable depends on whether "at the time discharge is sought" the requirements for dischargeability have been met, and that therefore a determination of dischargeability prior to "successful completion of all payments under a Chapter 13 plan" is "premature." The court in *Lee* dismissed the complaint "without prejudice to the bringing of a similar complaint upon completion of the plan or at such earlier time as the plan may go into default." *Id.*

■ Soler argues generally that although a predicate to receiving a discharge in Chapter 13 is completion of payments under a confirmed plan, her complaint is not premature because she is not seeking a determination of discharge but a determination of dischargeability. She moreover contends that she is entitled to know whether her student loans will be discharged now, before she makes five years of substantial payments as part of a plan designed almost entirely to finally dispose of those debts.[1]

In her brief, Soler contends that the cases relied upon by the United States are distinguishable or otherwise in error and not a universally held interpretation of the issue. In challenging the government's reliance on *Lee,* Soler points out that the

court in *Lee* stated that if "the debt the dischargeability of which is at issue [ ] is arguably one of two exceptions provided for in § 1328(a) ... then it would be appropriate for a court to determine, before completion of the Chapter 13 plan, whether the debt is nondischargeable under § 1328(a)." *See Lee,* 89 B.R. at 257.

Noting that in 1987, when *Lee* was decided, a debt under § 523(a)(8) was not an exception to a Chapter 13 discharge but was added as an exception in 1990, Soler argues that *Lee* stands for the proposition that determination of the dischargeability of student loan debt before completion of payments under a confirmed plan is not premature.

Both parties are missing the distinguishing nature of the exception of student loan debt from discharge, and the fact that dischargeability cannot be determined absent a discharge that has been granted or is imminent.

Educational loans are not excepted from a debtor's discharge if excepting the debt from the discharge would work an undue hardship upon the debtor and the debtor's dependents, or in the case of HEAL loans excepting the debt from the discharge would be unconscionable. The nature of these exceptions is what makes a determination of dischargeability in Chapter 13 before the end of a successful plan premature.

Under § 523, the dischargeability of most debts is dependent entirely on the nature of the debt itself: it was incurred through fraud, it is a certain kind of tax, it is a certain kind of fine or penalty, etc.

■ However, the dischargeability of a student loan depends not only on the nature of the debt, but also depends on the debtor's situation at the time of discharge.

---

1. Soler also notes that Federal Rule of Bankruptcy Procedure 4007(b) provides that a complaint to determine dischargeability under § 523(a)(8) may be filed "at any time." I agree with the court in *Raisor,* 180 B.R. at 167, which considered the same argument and held that the rule "does not determine

whether a proceeding is ripe for adjudication but merely permits the filing of certain types of proceedings when the matter is ripe." That the complaint can presently be filed does not mean it can presently be considered on its merits.

For example, under § 523(a)(8) a student loan will be discharged if excepting it from the debtor's discharge would constitute an undue hardship. This determination revolves entirely around how survival of the debt would affect the debtor financially. Similarly, a determination of unconscionability under 42 U.S.C. § 294f(g) will depend on the debtor's situation at the time of discharge.

Thus, a determination of dischargeability is based on the situation (which admittedly might include a determination of the debtor's future prospects) at the time of discharge. Thus, any trial must occur after the discharge or at least close enough in time to the discharge to enable the parties to present competent evidence for the court to make a determination of the debtor's situation as of the date of the discharge.

■ In addition, I agree that such a determination is not ripe. A dischargeability determination is only necessary if there is a discharge. Under the current circumstances, the debtor's discharge is not only remote in time, it is speculative.

Soler's circumstances today may not be the same in five years at the end of her yet unproposed and unconfirmed plan. That being the case, now is not the time to consider her complaint seeking a determination of the dischargeability of her student loans.

Understandably, Soler would like to know before she makes plan payments for five years whether her remaining student loan debt would be discharged upon a successful completion of her plan. However, were I to entertain her complaint now, I would be speculating.

### CONCLUSION

Mayra Fe Soler's complaint to determine the dischargeability of her student loan debt five years in advance of her anticipated discharge is premature, and therefore seeks relief which cannot presently be granted. Accordingly, her complaint must be dismissed, without prejudice.

### ORDER

THEREFORE, IT IS ORDERED: The plaintiff's complaint is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.