**In re Sonia Thatcher WALTON, Debtor.**

**Sonia Thatcher Walton, Plaintiff,**

**v.**

**Sallie Mae Education Credit Finance Corp., Defendant.**

Bankruptcy No. 05–29373.
Adversary No. 06–50115.

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

April 19, 2006.

See also 2006 WL 1030419.

Jeffrey L. Mastin, Indianapolis, IN, for Debtor.

*MEMORANDUM AND ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION*

FRANK J. OTTE, Bankruptcy Judge.

This matter is before the Court on Motion to Dismiss (the "Motion to Dismiss"), filed by Educational Credit Management Corporation ("ECMC"), assignee of United Student Aid Funds, Inc. pursuant to Fed. R. Bankr. P. 7012(b)(1), through which ECMC requested that this Court dismiss the Plaintiff's complaint without prejudice

because this Court lacks subject matter over the issues raised in this case. For the reasons set forth below, the Motion to Dismiss is hereby granted and this action is dismissed without prejudice and may be re-filed by the Plaintiff once her chapter 13 discharge becomes imminent.

## I. Background; Certain Procedural History; Jurisdictional Challenge

The Plaintiff filed her petition under Chapter 13 of the United States Bankruptcy Code, 1 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") on October 14, 2005. Prior to confirming a chapter 13 plan, on February 27, 2006, the Debtor filed her amended chapter 13 plan. The plan spans a period of five years, and will not be consummated until at least April of 2011.

Nevertheless, on the same date she filed her amended plan, the Plaintiff initiated this suit seeking to discharge her student loans. ECMC filed the Motion to Dismiss based on FED. R. BANKR. P. 7012(b)(1) and FED. R. BANKR. P. 7012(h) (providing that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action.").

## II. Discussion of Subject Matter Jurisdiction

Whether the Plaintiff is entitled to an undue hardship discharge of her student loan debt is an issue not ripe for adjudication until she obtains a discharge. *Bender v. Educ. Credit Mgmt. Corp. (In re Bender)*, 297 B.R. 126, 130–131 (D.Neb.2003), *aff'd*, 368 F.3d 846 (8th Cir.2004). Because the matters alleged in the Plaintiff's complaint are not ripe until a discharge is entered, there is no subject matter jurisdiction over such issues.

■ Ripeness is one of the jurisprudential foundations of jurisdiction and without a ripe case or controversy, a court is unable to render anything other than an advisory opinion. Although this Court derives its jurisdiction from 28 U.S.C. § 157(a), that jurisdiction is itself derivative of the jurisdiction of the United States District Court for the Southern District of Indiana. *See* 28 U.S.C. § 1334 and the Standing Order of Reference entered by the District Court. Article III of the United States Constitution charges Article III Courts with the resolution of "cases and controversies," which precludes them from rendering advisory opinions. *Flast v. Cohen*, 392 U.S. 83, 96–97, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *see* U.S. Const. art. III, § 2.

■ The determination of the dischargeability of a Chapter 13 debtor's student loans is not ripe until successful consummation of the chapter 13 plan. *See, e.g., Bender v. Educ. Credit Mgmt Corp. (In re Bender)*, 368 F.3d 846 (8th Cir.2004) (finding that a student loan adversary proceeding filed by a Chapter 13 debtor is not yet ripe for adjudication until the bankruptcy discharge is entered or imminent— the majority view); *Pair v. United States—U.S. Dept. of Educ. (In re Pair)*, 269 B.R. 719 (Bankr.N.D.Ala.2001) (same); *Soler v. United States of America (In re Soler)*, 250 B.R. 694 (Bankr.D.Minn.2000) (same); *Raisor v. Education Loan Servicing Center, Inc. (In re Raisor)*, 180 B.R. 163 (Bankr.E.D.Tex.1995) (same); *cf. Ekenasi v. The Educ. Res. Inst. (In re Ekenasi)*, 325 F.3d 541, 546–47 (4th Cir.2003) and *In re Strahm*, 327 B.R. 319 (Bankr. S.D.Ohio 2005) (each of which reflect the minority view and fail to analyze or rule upon the jurisdictional nature of the ripeness doctrine, and merely examine non-Article III concepts). This is because until a chapter 13 discharge has occurred or is imminent, there is no case or controversy relating to discharge that a bankruptcy court may decide. The majority view in favor of the ripeness argument is based on

jurisdiction, which are crucial concepts in American jurisprudence. Indeed, this Court is busy enough deciding ripe actions and does not need to waste time deciding cases that are not ripe.

In *Bender*, the bankruptcy court discharged the debtor's student loans and the creditor appealed. Although the creditor had not raised ripeness as a defense, the district court reversed and remanded noting "[w]hether the dischargeability issue is ripe for decision is, of course, also a legal question, and one which may be raised *sua sponte* at any stage of the proceedings." *Bender*, 297 B.R. at 130–131 (citations omitted). According to the court:

> The ripeness doctrine is invoked to determine whether a dispute has yet matured to a point that warrants decision. The determination is rested both on Article III concepts and on discretionary reasons of policy. There are two factors relevant to a ripeness decision: "the fitness of the issue for judicial resolution and the hardship to the parties of withholding court consideration." *Automotive, Petroleum & Allied Industries Employees Union, Local 618 v. Gelco Corp.*, 758 F.2d 1272, 1275 (8th Cir.1985) (citations omitted). The first factor of "fitness for judicial resolution" generally "safeguards against judicial review of hypothetical or speculative disagreements." *Nebraska Public Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir.2000). The second factor of "hardship to the parties" involves a determination that delayed review will result in significant harm, with "harm" including both the traditional concept of damages and also the heightened uncertainty and resulting behavior modification that may result. See *id.* Neither factor supports an immediate determination as to the dis-

chargeability of the student loan debt this case.

*Id.* at 132–133.

The debtor appealed the district court's decision. The Eighth Circuit affirmed, stating:

> The ripeness doctrine is rooted both in the limits of Article III of the Constitution and 'on discretionary reasons of policy.' See *Automotive, Petroleum & Allied Indus. Employees Union v. Gelco Corp.*, 758 F.2d 1272, 1275 (8th Cir. 1985). The Constitution charges Article III courts with the resolution of 'cases and controversies,' precluding them from rendering advisory opinions. *Flast v. Cohen*, 392 U.S. 83, 96–97, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); see *U.S. Const. art. III, § 2*. In addition to these constitutional concerns, the ripeness doctrine allows the federal courts to avoid wasting scarce judicial resources in attempts to resolve speculative or indeterminate factual issues. See *National Treasury Employees Union v. United States*, 322 U.S.App. D.C. 135, 101 F.3d 1423, 1431 (D.C.Cir.1996). We find that these concerns justify the district court's decision in this case.

*Bender*, 368 F.3d at 847–48. See also *United States v. Lee*, 89 B.R. 250, 257 (N.D.Ga.1987), *aff'd*, *United States v. Hochman (In re Hochman)*, 853 F.2d 1547 (11th Cir.1988) (determination of dischargeability of student loan debt prior to "successful completion of all payments under a Chapter 13 Plan" is "premature").

■ Because she filed a chapter 13 bankruptcy petition, the Plaintiff's right to receive a discharge is controlled by section 1328 of the Bankruptcy Code. Under Section 1328(a) and (b), the Plaintiff can only receive a discharge "after completion...of all payments under the plan" or on proof of entitlement to a hardship discharge. A judgment by this Court that the Plaintiff is

entitled to a discharge of her student loan debt will be only an advisory opinion until the Plaintiff receives either a Section 1328(a) or (b) discharge.

In *Soler v. United States (In re Soler)*, 250 B.R. 694 (Bankr.D.Minn.2000), a chapter 13 debtor brought a complaint to determine the dischargeability of her student loan debt. The United States moved to dismiss her complaint on the grounds that her complaint was not ripe for adjudication because she would not obtain a Chapter 13 discharge for several years, if at all. The court granted the motion and dismissed the debtor's complaint without prejudice. As that court stated, "... I agree that [a dischargeability] determination is not ripe. A dischargeability determination is only necessary if there is a discharge. Under the current circumstances, the debtor's discharge is not only remote in time, it is speculative." *Id.* at 697.

Several other courts have echoed this observation. In *Pair v. United States Dep't of Educ. (In re Pair)*, 269 B.R. 719, 721 (Bankr.N.D.Ala.2001), the court stated, "[a]lthough a § 523(a)(8) complaint is ripe for adjudication and can be brought at any time in a Chapter 7 case pursuant to Rule 4007(b), the issue is not ripe for adjudication until the end of a Chapter 13 case when the debtor's financial circumstances are clearer." *Id; see Raisor v. Educ. Loan Servicing Center (In re Raisor)*, 180 B.R. 163, 167 (Bankr.E.D.Tex.1995) ("[i]f the Plan fails and the case is dismissed, a judgment discharging the ... Loans would become moot and the trial would have been unnecessary.").

Following precedent in other districts, Bankruptcy Courts in this District have uniformly held that a debtor may not bring an adversary proceeding to determine the dischargeability of student loan debt in a chapter 13 case unless and until that debtor's discharge is imminent. *See Brock v. USA Group Loan Services, Inc. (In re Brock)*, Adv. No. 00–480 (Bankr.S.D.Ind., Jan. 18, 2001, Otte, J.); *Warwick v. U.S. Department of Education (In re Warwick)*, Adv. No. 03–161 (Sept. 18, 2003, 2003), Metz, J. Because the debtor has not received her discharge, her complaint is not ripe and there is no jurisdiction over the subject matter of this proceeding.

### III. *Conclusion*

The Plaintiff will not receive a Chapter 13 bankruptcy discharge until at least May of 2011, if she receives one at all. Until then, this Court does not have subject matter jurisdiction over the issues in her complaint. ECMC's Motion to Dismiss is granted, such that this action is dismiss without prejudice and the Plaintiff may re-file this action when the issue is ripe and this Court obtains jurisdiction over the subject matter of this action.