**In re Howard NANTZ and Virginia Nantz, d/b/a Galena Buy-Rite, Debtors.**

**Frieda PIEKARCZYK, Plaintiff,**

**v.**

**Howard NANTZ and Virginia Nantz, Defendants.**

**Bankruptcy No. 83 B 12780.**
**Adv. No. 83 A 2859.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 7, 1984.

Wayne M. Kwiat, Sr., Bolingbrook, Ill., for plaintiff.

Richard L. Horwitz, David J. Chroust, Drendel, Schanlaber, Horwitz & Oakes, Aurora, Ill., for debtor.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard upon the debtors' (Nantz) motion to dismiss the plaintiff's (Piekarczyk) complaint for a determination of dischargeability of debt pursuant to Section 523(a)(2)(A) of the Bankruptcy Code. The court, having carefully considered the pleadings and memoranda submitted by the parties along with applicable case law, grants the debtors' motion.

## FACTUAL STATEMENT

On October 8, 1983, debtors filed their voluntary petition under Chapter 7 of the Bankruptcy Code. Within the time prescribed by the Court, Frieda Piekarczyk filed a complaint to have a debt owed to her by debtors excepted from discharge. In her complaint, plaintiff alleges that debtors obtained money from her by fraudulent representations.

On or about April 15, 1983, debtors approached Piekarczyk with a request to borrow the sum of $10,000. Debtors allegedly told plaintiff that their business was in sound financial condition and was improving and that the money was needed to make needed repairs to their leased business premises. Piekarczyk further alleges that debtors had debts far in excess of what she was told and that the money was in fact used toward payment of a $24,000 federal withholding tax liability.

Plaintiff asserts that she relied upon these false representations when she gave the money to debtors and that the debt falls within the exception to discharge for money obtained by fraudulent representations under § 523(a)(2)(A). In their motion to dismiss, debtors contend that an oral statement of financial condition is not excepted from discharge. They also contend that the stated purpose to use the funds for repairs was a promise to act in the future and statements of future acts are not held to be fraudulent acts under § 523(a)(2)(A).

## ISSUES

The issue presented in this proceeding is whether the false statements by debtor as to their financial condition or as to the purpose for which the funds were needed are sufficient to except the debt from discharge.

## DISCUSSION

On a motion to dismiss for failure to state a claim, the allegations must be

taken as true and the complaint construed in a light most favorable to the plaintiff. *Mathers Fund, Inc. vs. Colwell Company,* 564 F.2d 780, 783 (7th Cir.1977). If it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, the motion must be granted. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff has asserted a claim for relief under § 523(a)(2)(A) of the Bankruptcy Code which reads in pertinent part:

§ 523 Exceptions to Discharge,

    (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

    \*     \*     \*     \*     \*     \*

    (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ....

11 U.S.C. § 523(a)(2)(A) (West 1984).

The complaint does not state which alleged representation made by debtors is the basis for the claim. An analysis of the pleading indicates that there were oral representations as to the financial condition of debtors and representations as to the purpose for which the loan proceeds would be used.

■ Piekarczyk alleges that debtors told her their business was in "sound actual financial condition" and the business was "improving." These are statements concerning the financial condition of debtors made in the context of the conversation regarding the loan. Statements of financial condition are explicitly excepted from the operation of § 523(a)(2)(A). *Madden v. Van Der Laan,* 31 B.R. 1001, 1003 (D.C.Ill. 1983). In order for a statement of financial condition to be excepted from dis-

charge, one of the requirements is that it be in writing. 11 U.S.C. 523(a)(2)(B). The debtors' alleged false representations as to their financial condition were not in writing and do not come within the statutory exceptions to discharge encompassed by § 523(a)(2)(A).

Plaintiff has also alleged that she relied upon debtors' false representation that the loan proceeds were to be used for repairs to their business premises. The Seventh Circuit, in *Merchants National Bank & Trust Company v. Pappas,* 661 F.2d 82 (1981) held "... that where the bankrupt is entrusted with money to be used for a specific purpose, and he has no apparent intention of using the money for that purpose, then a misrepresentation clearly exists upon which a debt can be properly held non-dischargeable." *Id.* at 86.

In *Pappas,* the debtor was a real estate developer who had an extensive banking relationship with plaintiff, individually and through his various business entities. Based upon this relationship, the bank extended to debtor and his entities a $250,000 secured and $12,500 unsecured line of credit. After exhausting his unsecured line of credit as working capital for his partnership, debtor represented to the bank that he was planning to develop certain lots in an office complex. He presented title commitments in favor of himself and his wife, executed notes and mortgages in the name of the partnership, and received the funds but never purchased or developed the lots.

In this proceeding, debtors allegedly presented a picture of economic success and a need for additional capital for improvements. They presented no written statements showing their apparently precarious financial condition, nor did plaintiff request security in return for the loan. She seemingly accepted the information as it was stated and gave debtors the money.[1]

■ The Court finds support for its decision to grant debtors' motion in the fact

---

1. It should be noted that the sister of Virginia Nantz, debtor, is married to plaintiff's son and there is apparently a close relationship between the families. The Court will not speculate as to the reliance plaintiff may have placed on this relationship in her failure to require either written financial statements or security.

that the funds, though not used to make improvements, were used for a legitimate business purpose, a distinction .from *Pappas.* As stated in the complaint, debtors used the funds toward payment of an outstanding federal withholding tax liability. Had the tax liability not been paid, the government possessed the statutory authority to force debtors to cease operation. That scenario would place plaintiff in the position of an unsecured creditor, the same position in which she currently finds herself.

Another feature distinguishing this case from *Pappas* is the lack of security required by the plaintiff. By accepting debtors' statements and not requiring collateral for the loan, plaintiff risked the possibility that the funds might be used for another purpose. Any lender making an unsecured loan does so with the knowledge that the funds might easily be used for other than the stated purpose. Additionally, such state of mind may bear upon the reasonability of reliance upon any representation made by the debtor.

### CONCLUSION

Plaintiff has alleged that a loan made to debtors was procured by their false oral representations of financial condition and false representations of the purpose for the funds. She alleges that her reliance upon these representations satisfies the requirements of § 523(a)(2)(A) to except the debt from discharge.

Oral statements of financial condition are not excepted from discharge. Among other requirements, statements of financial condition must be in writing to be considered nondischargeable. Section 523(a)(2)(B).

A debtor's false statement that loan proceeds will be used for capital improvements is not a fraudulent representation which excepts the debt from discharge when the proceeds are used for an alternative business purpose and the loan is unsecured.

Plaintiff has therefore failed to state a claim under § 523(a)(2)(A) of the Bankruptcy Code upon which relief can be granted.

WHEREFORE, IT IS HEREBY ORDERED that the debtors' motion to dismiss the complaint of Frieda Piekarczyk for determination of dischargeability of debt is granted.