**In re Ronald J. GRONSKI, Debtor.**

**Bankruptcy No. 85–04610K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 16, 1986.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, Pa., for U.S.

Mitchell W. Miller, Philadelphia, Pa., for debtor.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

## OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

This case, in its present posture, requires us to consider whether a debt incurred under the Health Education Assistance Loan Program, 42 U.S.C. § 294f (hereinafter "HEAL") constitutes an additional exception to 11 U.S.C. § 1328(a) and is hence dischargeable only if the conditions set forth in 42 U.S.C. § 294f(g) are met, and whether the Objection of the Government to the Debtor's Plan, on account of the HEAL loan obligation, is timely. We believe that the Objection here must be considered timely, and we agree with the Government that the terms of 42 U.S.C. § 294f(g) must be met to discharge a HEAL loan in any bankruptcy case, including one maintained, as is this case, pursuant to Chapter 13, and hence that the HEAL loan of the Debtor here may not be discharged by its mere inclusion in the Debtor's Chapter 13 Plan, as the Debtor appears to argue. However, we also believe that it is premature to determine whether the HEAL loan of the particular Debtor in this case is in fact dischargeable, as the Government apparently urges us to do. We therefore conclude that the Government's Objection to confirmation, although timely, must, in the light of the foregoing, be denied.

The instant bankruptcy case was commenced under Chapter 13 of title 11, U.S. Code, on October 30, 1985. Prominent among the obligations of the Debtor was a debt which the United States Department of Health and Human Services (HHS) claimed, by declaration of one John F. Haczewski accompanying its Objection to Confirmation, was in the amount of $9,184.00, for a HEAL loan incurred by the Debtor on November 13, 1984.

The original Plan of the Debtor, filed on November 7, 1985, proposed monthly payments of $85.00 for a period of thirty-six (36) months. On June 30, 1986, the Debtor filed a Modified Plan, contemplating payments of $85.00 monthly for sixty (60) months, not accompanied by any certificate, per Local Bankruptcy Rule 3019.1(b).

Prior to the filing of the Modified Plan, HHS, on May 9, 1986, had filed an Objection to Confirmation of the original Plan. The Creditors' Meeting, per 11 U.S.C. § 341, was held on February 5, 1986, and the Confirmation Hearing was originally scheduled on May 15, 1986.

Procedurally, the Debtor has raised the issue of the timeliness of HHS's Objection to Confirmation. Bankruptcy Rule 3020(b)(1) requires that such Objections must be filed "within a time fixed by the court." The Notice sent to all creditors concerning the scheduling of both the § 341 Meeting and the Confirmation Hearing in this case fixed the time for filing by its statement "[o]bjections shall be filed with the Clerk, United States Bankruptcy Court, at the address shown below no later than 10 days before the Confirmation Hearing" and be served upon the Debtor and the Debtor' Attorney "no later than 5 days

before the date set for the confirmation hearing." Thus, the deadlines for filing and serving Objections would ordinarily have been May 5, 1986, and May 10, 1986, respectively, and the Government clearly did not meet the filing deadline.

However, the combination of two (2) factors present here causes us to consider the Objection of HHS to be timely filed. The first factor is the Debtor's failure to assure that notice was sent to "the United States Attorney for the district in which the case is pending" as well as the agency involved, HHS, as required by Bankruptcy Rule 2002(j). *See In re Divco Philadelphia Sales Corp.*, 60 B.R. 323, 325 (Bankr. E.D.Pa.1986) (per Goldhaber, Ch. B.J.).

The second factor arises from the fact that the Debtor modified the Plan subsequent to the Confirmation hearing without providing the requisite certificate or notice to affected creditors. Since it is now the Modified Plan of which Confirmation is sought, the Court believes that creditors must be notified of the modifications and a new bar date to object to the Plan, as modified. Otherwise, a debtor could amend a plan perfectly acceptable to a creditor in such a way as to render it unacceptable to the creditor subsequent to the Confirmation hearing, and the creditor, ignorant of same, would be deprived of any opportunity to object to a different, more detrimental treatment.

The National Bankruptcy Rules reflect this concern, and state that a modification of an "accepted" plan is not permissible unless the court finds that "the proposed modification does not adversely change the treatment of the claim" or the affected creditor has accepted the modification in writing. Bankruptcy Rule 3019.

Local Rule 3019.1, as is indicated below, is even more specific as to the obligations of the debtor when he modifies his Plan, providing as follows:

(a) Where a modified Chapter 13 plan is filed within 20 days of the next scheduled hearing on confirmation, the debtor shall serve a copy of the modified plan on all creditors who, according to the mod-

ified plan, would receive distribution in an amount less than the amount proposed in the plan previously filed by the debtor.

(b) Each modified plan in a Chapter 13 case shall be accompanied by a certificate containing either the names of the creditors upon whom the modified plan was served or a statement that no creditors are entitled to service.

(c) No modified Chapter 13 plan shall be confirmed prior to 20 days from the date of the filing and service of a modified Chapter 13 Plan and the filing of the certificate described in paragraph (b) above.

In the instant case, the Debtor has not filed the requisite 3019.1(b) certificate. Thus, per 3019.1(c), we cannot confirm the Plan at this time. Further, we are inclined to read the phrase "would receive distribution in an amount less" than the original Plan broadly, and require service of the modified Plan upon all creditors whose interests *might* be adversely affected. We believe that HHS is such a party, as it appears that the Modified Plan may, apparently unlike its original Plan, contemplate satisfaction of the Debtor's obligations to it.

Finally, we believe that it is implicit in 3019.1(c) that a creditor has a right to serve and file objections to the Modified Plan after receipt of same, whether he filed objections to the original Plan or not, and that the bar date, if any, is at least ten (10) days before the first scheduled Confirmation Hearing at which the Modified Plan is considered, which must be at least twenty (20) days after the filing of the modified plan. The Modified Plan in issue was first scheduled for a confirmation hearing on September 9, 1986. Thus, the Government's Objection, filed in May, should be considered timely filed.

We now turn to the substance of the Government's Objection that the discharge of a HEAL is controlled by the following provisions of the HEAL Act, 42 U.S.C.

§ 294f(g), enacted by Congress in 1981, rather than by 11 U.S.C. § 1328(a):

A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under Title 11 only if such a discharge is granted—

(1) after the expiration of the 5–year period beginning on the first date, as specified in Subparagraphs (B) and (C) of section 294(d)(a)(2) of this title, when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) of this section to the borrower and the discharged debt.

The Government asserts that, since the Debtor has not undertaken to establish that he meets the criteria of 42 U.S.C. § 294f(g), his debt to the HHS is non-dischargeable. In its Objections, at paragraph nine (9), the Government thus concludes that the Plan is "not feasible and not proposed in good faith" and that Confirmation should therefore be denied.

The Debtor argues that, as long as the requirements of 11 U.S.C. § 1325(a) are met, the Plan must be confirmed. At one point, the Debtor states that HHS' claim of dischargeability must be resolved later and has no relevance to Confirmation. However, in the same paragraph, the Debtor elsewhere asserts that only the debts enumerated in 11 U.S.C. § 1325(a) are non-dischargeable, and it therefore appears that the Debtor may well be arguing that the HEAL loan is dischargeable and is discharged if the Debtor completes the proposed Modified Plan payments.

At the hearing on September 9, 1986, the Court asked Counsel for the Debtor directly whether he considered a confirmation of the Plan to resolve the issue of the dischargeability of the HEAL loan in the Modified Plan in his favor. The response was affirmative, and the Court therefore indicated that it believed that it must address the issue of potential dischargeability at this juncture, as well as the merits of the Government's Objection to confirmation. The Court invited both parties to submit supplemental Briefs on the issues before it. The Government indicated a desire to do so, and promised a filing by September 12, 1986. The Debtor specifically declined the Court's invitation, wishing to stand on his previously-filed brief Memorandum of Law opposing the Government's Objection.

On September 30, 1986, the Government filed its Brief. It objected to the Debtor's improper treatment of what it referred to as "admittedly non-dischargeable debt" in his Plan. It is, of course, not clear that the Debtor admits non-dischargeability.

Upon reflection, the Court believes that both parties have muddled the issue of the dischargeability of the Debtor's HEAL loan with the issue of whether his Plan ought to be confirmed. This Opinion was drafted to provide guidance to the Government and Debtor here and in this and future HEAL loan cases.

■ The Court agrees with the Government that the reasoning and result of the Court of Appeals for the Seventh Circuit in *In Matter of Johnson*, 787 F.2d 1179 (7th Cir.1986), on the issue of dischargeability of a HEAL loan, is unassailable. The only other decisions uncovered by our research concur with this conclusion. *In re Hines*, 63 B.R. 731 (Bankr.D.S.D.1986); and *In re Hampton*, 47 B.R. 47 (Bankr.N.D.Ill.1985). Clearly, Congress, as opposed to some state legislature or other body, has the exclusive power to establish exceptions to the broad discharge otherwise obtainable under 11 U.S.C. § 1328(a), as it was the creator of this broad discharge. Since 42 U.S.C. § 294f(g) is both later and more specific than 11 U.S.C. § 1328(a), it seems clear that Congress intended 42 U.S.C. § 294f(g) to be an exception which is super-imposed on 11 U.S.C. § 1328(a), rather than allowing a super-imposition of 11 U.S.C. § 1328(a) on 42 U.S.C. § 294f(g). Therefore, we have no difficulty in agreeing with the Government that a HEAL loan is dis-

chargeable only if the conditions of 42 U.S.C. § 294f(g) are met. We do not believe that a debtor, through the medium of a Chapter 13 Plan, can override the terms of 42 U.S.C. § 294f(g). Therefore, if the Debtor is so arguing (although we observe that it is not completely clear that even *he* is so arguing), such an argument must be rejected.

Clearly, the *Johnson* debtors, who presented the unappealing combination of a medical student married to an attorney for the United States Department of Housing and Urban Development who gratuitously represented her husband in that case, did so argue. As the spectre of doctors attempting to eliminate sizable student loan debts before commencing lucrative practices was one of the notable examples leading to the original Congressional limitations upon student-loan discharges, the result reached by *Johnson*, especially under its facts, hardly seems unjust.

■ However, the *Johnson* Court, after holding that the HEAL loan in issue was dischargeable only if the requirements of 42 U.S.C. § 294f(g) were met, concludes that the proper treatment of the HEAL loan is to "exclude" it from the debtors' Chapter 13 Plan. 787 F.2d at 1180, 1182. With this conclusion, we also concur. We believe that, as in the case of a debt within the scope of 11 U.S.C. §§ 1322(b)(5) or 523(a)(5), *see* 11 U.S.C. §§ 1328(a)(1), (2), a non-dischargeable debt need not be dealt with by the debtor in a Plan in any manner whatsoever. While we are not here addressing the impact of a bankruptcy filing upon a debt within the scope of 11 U.S.C. § 1322(b)(5) or 523(a)(5), we do *not* believe that the Debtor must cure defaults on such debts in his Plan, although he clearly has the choice of doing so if he wishes. Rather, we believe, with the *Johnson* Court, that such debts can, at the Debtor's option, be "excluded" from the Plan, i.e., continue to exist exactly as if the bankruptcy did not exist.

■ In light of the foregoing, we part company with the Government if it means to suggest that the Debtor's Modified Plan is not confirmable because of the presence of a potentially non-dischargeable HEAL loan. With the understanding that the Debtor would choose the option of not dealing with his HEAL loan obligation at this time in light of the Court's holding herein, and that the issue of dischargeability of the Debtor's HEAL loan is not resolved at this time by the confirmation of the Modified Plan, we believe that denial of confirmation of the Modified Plan cannot result because of the presence of the HEAL loan, and hence, we must overrule HHS's Objection to Confirmation on this ground.

■ We must further express our view as to how the dischargeability of the Debtor's HEAL loan, per 42 U.S.C. § 294f(g), is to be determined. We note that 42 U.S.C. § 294f(g)(1) states that a bankruptcy discharge may impact upon a HEAL loan if the *discharge* is granted five (5) years after the first date when repayment is required. Assuming that the Government is correct in its assertion that repayment of the HEAL loan of the Debtor here was first required as of December 1, 1985, and upon our observation that the Debtor's discharge, after completion of the 60–month Modified Plan, is quite likely to be after December 1, 1990, it also appears quite possible that the requirement of 42 U.S.C. § 294f(g)(1) will be met. Assuming that the requirement of § 294f(g)(3) will be met, as seems apparent because the Debtor here is apparently not practicing his profession and hence does not qualify for a reduction of payments per U.S.C. § 294f(f), leads to the conclusion that the focal point here will be whether non-dischargeability of the HEAL loan to this particular debtor would be "unconscionable," per 42 U.S.C. § 294f(g)(2). We would observe, from perusal of the Debtor's Chapter 13 Statement, that it appears quite likely that, were he to maintain his status quo, the Debtor *would* be discharged from his HEAL loan. Although the Government gratuitously and apparently erroneously refers to the Debtor as "Dr. Gronski," the Debtor's Chapter 13 Statement and Statement of income and expenditures indicates that he dropped out

of medical school, is separated from his wife, and is presently earning $7,000.00 annually as a resident counsellor in a group home. This set of circumstances is a far cry from that presented by the Debtors in *Johnson,* where the circumstances included a medical student quite likely to complete his education who was fortuitously married to his attorney. We believe that such young two-professional couples as were before the court in *Johnson* were the express target of 42 U.S.C. § 294f(g). On the other hand, we consider it unconscionable to refuse to discharge recipients of HEAL loans who fail to complete medical school and have no other substantial means, either from a spouse, alternative employment, or other financial resources.

█ This Court believes that the issue of 42 U.S.C. § 294f(g) dischargeability can be resolved procedurally in two (2) ways: (1) By the filing of an adversarial proceeding by either the Debtor or HHS in this Court prior to the closing of this case; (2) Resolution of the issue by a declaratory judgment action or a defense to a collection action in another court after the stay imposed by 11 U.S.C. § 362(a) is lifted. Should there be any doubt as to this score, the Court emphasizes that it believes that the stay imposed by § 362(a) is in place as to any efforts of HHS to collect the HEAL loan debt and that it may be difficult for the Government to succeed in a motion to obtain relief from the stay, since the Debtor is presumably utilizing all of his available financial resources to make his payments under the Plan and would be unlikely to be able to pay his HEAL loan and meet his obligations under his Plan in this Court. If the Debtor's resources change after confirmation of the Plan, such that he could pay on the HEAL loan, it appears that the Government could request that the Plan be modified, per 11 U.S.C. § 1329(a).

One final point is addressed in the accompanying Order. The Debtor, now aware, if he ever thought to the contrary, that his obligation to pay his HEAL loan will not be eliminated solely by confirmation of his Modified Plan, may wish to modify his Modified Plan once again. Express permission to do so, and the notice which we believe should accompany such a modification, as well as a rescheduling of the Confirmation Hearing, is therefore addressed in the accompanying Order.

ORDER

AND NOW, this 16th day of October, 1986, it is hereby ORDERED AND DECREED as follows:

1. The Objection of the United States of America, on Behalf of its Agency, the Department of Health and Human Services to Confirmation of [Modified] Chapter 13 Plan is DENIED, in accordance with the determination of the status of the Debtor's loan pursuant to the Health Education Assistance Loan Program set forth in the accompanying Opinion.

2. The Debtor shall file any further modifications to his Plan on or before October 24, 1986.

3. The Confirmation Hearing on the Debtor's Modified Plan, or on any subsequent modified plans, shall be scheduled on TUESDAY, DECEMBER 2, 1986, at 10:00 A.M. in Court Room No. 2 (Room 3718), United States Court House, 601 Market Street, Philadelphia, PA 19106.

4. On or before October 31, 1986, the Debtor shall notify all listed creditors, the United States Attorney for the Eastern District of Pennsylvania, per Virginia R. Powel, Esquire, Assistant United States Attorney, and the Trustee of the contents of any modified plan (or his present Modified Plan if he chooses not to amend it further), and that the bar dates for filing and serving Objections to same by creditors thereto are November 10, 1986, and November 20, 1986; and shall file the certificate required by Local Rule 3019.1(b), indicating that service has been made on all listed creditors.