**In re James C. WILLIAMS, Debtor.**

**UNITED STATES of America, Plaintiff,**

v.

**James C. WILLIAMS, Defendant.**

**Bankruptcy No. 86 B 21647.**

**Adv. No. 88 A 3106.**

United States Bankruptcy Court, N.D. Illinois, W.D.

Jan. 13, 1989.

---

John G. McKenzie, Asst. U.S. Atty., Rockford, Ill., for plaintiff.

William L. Balsley, Loves Park, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Debtor's Motion to Dismiss the Complaint to Determine Dischargeability filed by the United States of America on behalf of the Department of Health and Human Services (Plaintiff). The Debtor, James C. Williams (Defendant) is represented by Attorney William L. Balsley. The Plaintiff is represented by the Assistant United States Attorney, John G. McKenzie.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

It has been alleged that during the period of December 2, 1982, through November 13, 1985, the Defendant obtained several loans, pursuant to the Health Education Assistance Loan (HEAL) program, to help pay the costs of his medical education. The loans were obtained from commercial lenders and guaranteed by the Plaintiff.

The Defendant filed a Chapter 13 petition on December 2, 1986, and listed the lenders as creditors. Under the terms of the plan, the creditors were to receive 1% of their unsecured claims. The plan was confirmed on January 29, 1987. Thereafter, Plaintiff, as transferee of the HEAL loan claims following the Defendant's default, was substituted for the original claimants for all purposes with respect to the original HEAL loan claims, by Order of this Court.

A Complaint to Determine the Dischargeability of the HEAL loans was filed on September 21, 1988. The Defendant filed a Motion to Dismiss on the ground that the Complaint failed to state a cause of action. The Plaintiff contended that pursuant to Rule 4007(b) of the Federal Rules of Bankruptcy procedure, and 42 U.S.C. 294f(g), the HEAL indebtedness is non-dischargeable.

Section 294f(g) of Title 42 of the United States Code provides:

(g) A debt which is a loan insured under the authority of this subpart may be released by a discharge in bankruptcy under Title 11, United States Code, 11 U.S.C. sections 101 et seq., only if such discharge is granted—

(1) after the expiration of the 5–year period beginning on the first date, as specified in subparagraphs (B) and (C) of section 294d(a)(2) of this title, when repayment of such loan is required;

(2) upon a finding by the Bankruptcy Court that the nondischarge of such debt would be unconscionable; and

(3) upon the condition that the Secretary shall not have waived the Secretary's rights to apply subsection (f) to the borrower and the discharged debt.

Both parties have cited in their briefs *In re Johnson*, 787 F.2d 1179 (7th Cir.1986). In that case, the Seventh Circuit held that the provisions of 42 U.S.C. 294f control on the issue of nondischargeability of HEAL loans in bankruptcy and that if the requirements of Section 294f(g) are not met, the indebtedness is not dischargeable under a debtor's Chapter 13 plan. It would appear, therefore, that HEAL loans should be treated, on a procedural basis, the same as a debt in the nature of alimony, maintenance and child support under Section 1328(a)(2) of the Bankruptcy Code. See *In re Gronski*, 65 B.R. 932 (Bankr.E.D.Pa. 1986)

\* \* \* \* \* \*

Rule 4007 of the Federal Rules of Bankruptcy Procedure provides the framework for filing a Complaint to Determine Dischargeability. It states in pertinent part:

Rule 4007. Determination of Dischargeability of a Debt.

(b) Time for commencing Proceeding Other Than Under Section 523(c) of the Code. A complaint other than under Section 523(c) may be filed at any time. A case may be reopened without payment of an additional filing fee for the purpose of filing a complaint to obtain a determination under this rule.

Rule 4007(b) applies to all dischargeability proceedings, other than those set out in Section 523(c). A plain reading of this Rule shows that the Complaint can be filed at any time, either before or after confirmation.

On a Motion to Dismiss for failure to state a claim upon which relief could be granted, a court must determine whether the allegations provide for relief under any theory. *In re Hollis & Co.*, 83 B.R. 588 (Bankr.E.D.Ark.1988). The allegations must be taken as true and the Complaint construed in a light most favorable to the plaintiff. *In re Nantz*, 44 B.R. 543 (Bankr. N.D.Ill.1984). The allegations of a Complaint are to be liberally construed. *Illinois Migrant Council v. Campbell Soup Co.*, 519 F.2d 391 (7th Cir.1975).

Here, the Plaintiff alleged in its Complaint that the Debtor obtained loans from several lenders, guaranteed by the Plaintiff under the HEAL loan program. It further sets out that HEAL loans are non-dischargeable under 42 U.S.C. 294f and that Plaintiff filed the Complaint under Bankruptcy Rule 4007. Hence, it appears that the Plaintiff may have sufficiently alleged in its Complaint the existence of a claim for relief, so as to avoid being dismissed on the grounds of failing to state a claim.

At first blush, therefore, it would appear that the Defendant's Motion to Dismiss should be denied. A more thorough analysis, however, uncovers the issue of ripeness, which may provide grounds for dismissing the Plaintiff's Complaint.

\* \* \* \* \* \*

Under Section 294f(g), the dischargeability of a HEAL loan need not be decided and a HEAL loan may not be discharged unless five years have passed since the first date on which repayment was required.

Here, the five year term has not expired and will not, according to the Plaintiff's allegations, until 1991, over two years from the date on which Plaintiff filed its Complaint.

A Chapter 13 discharge typically is determined, unlike Chapter 11, after the payments under the plan are complete. Until that time, the debts are not discharged unless a hardship discharge is requested under Section 1328(b). The Debtor's creditors are precluded from collecting on their debts during the execution of the plan by the automatic stay and the res judicata effects of the confirmation order. Indeed, after the payments under the plan are com-

pleted, and a discharge order is entered, a creditor holding a non-dischargeable debt may resume collection activities. The Defendant's plan here has over one year left before payments will be completed, and a discharge order entered.

The approaches taken by courts to the ripeness issue in HEAL loan cases have varied somewhat. Several courts have granted summary judgment to creditors who had filed Complaints to Determine the Dischargeability of HEAL loans even when the five year period had not elapsed by the time the complaint was filed. See *In re Hampton,* 47 B.R. 47 (Bankr.N.D.Ill.1985), *In re Green,* 82 B.R. 955 (Bankr.N.D.Ill. 1988).

In *Green,* the payments under the plan had been completed and the debtor sought a discharge of its debts. The court held that because the five year period had not run by the time the complaint was filed, the debt was not dischargeable. The court further noted that since the five year term had expired at the time the plaintiff's motion for summary judgment was before it for decision, it could properly decide whether the unconscionability requirement was met, and held that it had not.

Similarly, in *Hampton,* a Chapter 7 case, the court granted summary judgment to the government while, at the same time, observing that it would be precluded from considering the unconscionability issue until the five year period had run.

Other courts have dealt with the issue by concluding that the complaint should be dismissed without prejudice to filing another complaint at a more appropriate time. The Bankruptcy Appellate Panel of the Ninth Circuit reversed a Bankruptcy Court's decision to grant summary judgment to the plaintiff in the case of *In re Cleveland,* 89 B.R. 69 (9th Cir.1988), because the complaint was premature. The lower court in *Cleveland,* after observing that Bankruptcy Rule 4007(b) allowed the plaintiff to file its complaint to determine the dischargeability of the HEAL loan at any time, held that the five year period had not run, thereby leaving no genuine issue of material fact as to the dischargeability

of the debt. The Bankruptcy Appellate Panel interpreted Section 294f(g) as precluding any consideration of the dischargeability of a HEAL loan in bankruptcy until after the five year statutory period had passed.

Dismissal of the plaintiff's complaint was the result in *U.S. v. Lee,* 89 B.R. 250 (N.D. Ga.1987) as well, although for a slightly different reason. In *Lee,* the court stated that the issue of dischargeability of a HEAL loan, like any other debt provided for in a Chapter 13 plan, must be determined at the time the discharge is sought. The court dismissed the government's complaint without prejudice to filing another complaint upon completion of the plan, or at an earlier time if the debtor were to go into default. See also *In re Owens,* 82 B.R. 960 (Bankr.N.D.Ill.1988) where similar observations were made.

An interesting twist to the approach taken in *Lee* is *U.S. v. Dunevitz,* 94 B.R. 190 (Bankr.D.Colo.1988). In that case, the court entered a Declaratory Judgment for the government, holding that the HEAL indebtedness was not dischargeable, but without res judicata effect, so as not to preclude a future Complaint at a more appropriate time. The *Dunevitz* case, where neither the completion of the Chapter 13 plan, nor the expiration of the five year period under Section 294f(g) had come to bear, is factually similar to the case at bar.

The differences in these decisions and others involving the timing of a Complaint to Determine the Dischargeability of a HEAL loan may be reconciled in part by the stage of the case in which each was decided. However, strict application of the approaches taken would create different results, depending upon whether the five year period expired before or after the payments under the Chapter 13 plan are complete.

The logical resolution is that both dates are relevant, depending upon the circumstances of each case. If the Complaint is filed about the time the discharge is requested, after completion of the plan, it is timely under the literal language of Section 294f(g). In the odd case that the five year

period has expired before the completion of the plan or the entry of a discharge order, a Complaint may properly be filed at that time, since the language of Section 294f(g) does not preclude it and Rule 4007(b) expressly allows it.

In the present case, neither the completion of the plan, nor the expiration of the five year period has come to pass. Practically speaking, nothing of substance could presently be determined. Moreover, the Court cannot address the issue of unconscionability, if raised by the Defendant, until the five year period has expired. All that can be determined now is the existence of a HEAL obligation, and that the five year statutory period has not yet expired.

The three subsections of Subsection 294f(g) are not phrased in the disjunctive. Therefore, the existence of the requirements described in all three subsections must be proved. Until the time arrives when the Court can address all three requirements, a hearing on a Complaint to Determine the Dischargeability of a HEAL loan is premature.

The Court concludes that the language of Section 294f(g) does not permit a final resolution of the issue of dischargeability at this time for two reasons:

1. As of today, the discharge has not been granted "after the expiration of the five year period," and we do not know if the discharge will be granted after the expiration of the five year period.

2. The issue of unconscionability cannot be addressed until after the five year period has run.

In light of these considerations, the Plaintiff's Complaint should be dismissed as premature, even though permitted by the language of Rule 4007(b). It does not appear that the discrepancies which arise when dealing with HEAL indebtednesses in Chapter 13 cases were contemplated when the broad language of Rule 4007(b) was drafted. Procedural rules must sometimes be tempered when their language does not fit the provisions of an applicable, but subsequently enacted statute.

\* \* \* \* \* \*

The remaining points raised in the Defendant's Motion to Dismiss appear to more appropriately support a Motion to Strike under Rule 7012(f) of the Federal Rules of Bankruptcy Procedure. Paragraph 1 of the Complaint states that the action is brought under Section 523(c) of the Bankruptcy Code. The Defendant argued, and the Plaintiff agreed, that Section 523(c) is not the appropriate section under which to proceed, since it does not apply to debts in the nature of student loans. Indeed, it does not apply at all to Chapter 13 cases unless the debtor requests a hardship discharge under Section 1328(b). Consequently, paragraph 1 is irrelevant.

In addition, the Plaintiff requested that its indebtedness be satisfied outside of the Debtor's Chapter 13 plan. Such relief is unavailable to the Plaintiff. Potentially non-dischargeable unsecured debts, such as HEAL loans, can be included in a Chapter 13 plan. *U.S. v. Lee*, supra, *In re Gronski*, supra. All listed creditors are bound by the terms of a confirmed plan. *Government Employees Corp. v. McKinney*, 92 B.R. 317 (N.D.Ill.1988). All creditors are prevented from satisfying their debts out of property of the estate by the automatic stay. *Gronski*. Only after the payments under the plan have been completed, and assuming the Defendant is ineligible for a discharge under Section 1328, can the Plaintiff recover the percentage of its claims not distributed under the plan. The Defendant correctly argued, therefore, that seeking to modify a confirmed plan absent a default in payments under the plan or changed circumstances is improper.

Therefore, based on the foregoing, the Court concludes that the Defendant's Motion to Dismiss should be granted without prejudice to refiling at an appropriate time, consistent with this opinion.

IT IS SO ORDERED.