*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. B.A.P L.B.R 8013-1(b).  See also 6th Cir. B.A.P L.B.R 8010-1(c)*

**File Name:  06b0009n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:  ANDREW D. COOK and MARNIE COOK, <br><br> Debtors. <br> _____ <br><br> COLUMBIANA COUNTY SCHOOL EMPLOYEES CREDIT UNION, INC., <br><br> Appellant, <br><br> v. <br><br> ANDREW D. COOK, <br><br> Appellee. <br> _____ | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 05-8034 |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division at Youngstown.
Bankruptcy Case No. 04-40757; Adv. No. 04-04113.

Argued:  February 1, 2006

Decided and Filed:  April 3, 2006

Before: AUG, GREGG, and LATTA, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ARGUED:** Peter Horvath, Lisbon, Ohio, for Appellant. **ON BRIEF:** Peter Horvath, Lisbon, Ohio, for Appellant.

---

## OPINION

---

JENNIE D. LATTA, Bankruptcy Appellate Panel Judge. Columbiana County School Employees Credit Union appeals from the bankruptcy court's order denying its motion for default judgment and dismissing its complaint without prejudice. For the reasons set forth below, we AFFIRM.

## I. ISSUE ON APPEAL

Whether the bankruptcy court erred in denying the motion for default judgment and dismissing the complaint.

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Northern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel for the Sixth Circuit ("BAP"). A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted); *Copper v. Copper (In re Copper)*, 314 B.R. 628, 629-30 (B.A.P. 6th Cir. 2004), *aff'd,* 426 F.3d 810 (6th Cir. 2005). A bankruptcy court order denying a motion for default judgment and dismissing the adversary proceeding without prejudice is a final order. *See Davis v. Courington (In re Davis)*, 177 B.R. 907, 910 (B.A.P. 9th Cir. 1995). The BAP has jurisdiction to decide this appeal.

On appeal, an order denying a motion for default judgment is reviewed for abuse of discretion. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1123 (10th Cir. 2003); *Wells Fargo Bank v. Beltran (In re Beltran)*, 182 B.R. 820, 823 (B.A.P. 9th Cir. 1995). An abuse of discretion occurs when the bankruptcy court "applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *Schenk v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997) (citations omitted).

2

An order dismissing a complaint is reviewed *de novo*. *See Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240-41 (6th Cir. 1993) (dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is subject to *de novo* review). "De novo means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

### III. FACTS

On March 20, 2003, Andrew D. Cook (the "Debtor") borrowed $20,000 from Columbiana County School Employees Credit Union ("Columbiana") for the express purpose of home improvement. The promissory note executed by the Debtor states that the purpose of the loan is "home improvement." Attached to the Debtor's loan application was a two-page memorandum entitled "Home Improvement Loan." The first page references the amount of the loan and lists various home improvement repairs in the section entitled "Describe what is to be done." The second page is a more detailed estimate of the costs for making the repairs. This handwritten estimate includes $4,300 for materials for a new two-car garage, $1,200 for new cabinets and cupboards, and $1,200 for new carpeting. Despite these numerous references to home improvement, the loan was not secured by a lien upon the Debtor's home.

The Debtor filed his voluntary petition under chapter 7 of the Bankruptcy Code[1] on February 27, 2004. Columbiana filed a complaint alleging that the debt resulting from the loan should be excepted from the discharge as one procured by fraud pursuant to § 523(a)(2)(A) and (B) of the Bankruptcy Code. The complaint was amended on February 4, 2005. As amended, the complaint alleges in Count One that the Debtor falsely represented that he would use the loan proceeds to purchase home improvement materials that he would then install in his home, Columbiana reasonably relied upon the Debtor's false statements in approving the Debtor's loan, and these statements "were made under false pretenses, were false representations, or were actual fraud," as defined in 11 U.S.C. § 523(a)(2)(A). In Count Two, the complaint alleges that the written

---

[1] The Bankruptcy Code is contained in 11 U.S.C. §§ 101-1330. Unless stated to the contrary, all future statutory references are to the Bankruptcy Code, e.g., "§ ____."

3

statements made by the Debtor in connection with his loan application concerned his financial condition, they were materially false, they were reasonably relied upon by Columbiana, and they were made with intent to deceive, as defined in 11 U.S.C. § 523(a)(2)(B).

Although the amended complaint was served upon him, the Debtor apparently failed to answer or otherwise respond. Columbiana filed a motion for default judgment and an affidavit stating that the Debtor was not an infant, incompetent person or in active military service. Although the bankruptcy court scheduled a hearing to determine whether to enter judgment for Columbiana, there is no indication in the record that default was entered or that Columbiana attempted to offer proof at the hearing. The bankruptcy court dismissed the complaint because "the [c]omplaint fail[ed] to state a prima facie case that the debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)." The court reasoned that Columbiana could not have relied upon the Debtor's statement of purpose in making an unsecured loan, and thus that, as a matter of law, the debt would not qualify for either of the exceptions to discharge under 11 U.S.C. § 523(a)(2)(A). With respect to Count Two, the court made statements in its oral ruling, which were not incorporated into its written order, to the effect that the written statements of the Debtor were unrelated to his financial condition, and thus, by implication, the Complaint failed to state a claim under § 523(a)(2)(B). The bankruptcy court denied the motion for default judgment and dismissed the complaint without prejudice. This timely appeal followed.

## IV. DISCUSSION

Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55, specifies the procedure for obtaining a judgment in the event of default. That rule provides:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Bankr. P. 7055(a), (b).  The docket was not made part of the record on appeal and the bankruptcy court's order makes no mention of it, so the Panel cannot determine whether default was entered by the clerk.  It is not unusual for the court itself to make note of the default or direct entry of default.  The bankruptcy court's order indicates that no answer or response to the motion for default judgment was filed by the Debtor and that Columbiana filed the requisite affidavit in support of its motion.  The bankruptcy court implicitly found that a default had occurred, and this finding does not appear to be in error.

The bankruptcy court focused upon the sufficiency of the complaint.  The Panel reviews the sufficiency of the complaint de novo.  Default by a defendant does not automatically entitle a plaintiff to entry of a default judgment. *Bills v. Aseltine*, 52 F.3d 596, 601 (6th Cir. 1995); *Cass County Music Co. v. Muedini*, 55 F.3d 263, 265 (7th Cir. 1995); *Capital One Bank v. Bungert (In re Bungert)*, 315 B.R. 735, 736 (Bankr. E.D. Wis. 2004) (citation omitted).  Instead, prior to entry of default judgment, the bankruptcy court must determine "whether the unchallenged facts constitute

a legitimate cause of action." *Fleet Credit Card Servs., L.P. v. Macias (In re Macias)*, 324 B.R. 181, 186 (Bankr. E.D.N.Y. 2004) (quoting *Smith v. Household Fin. Realty Corp. (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001)) (additional citation and internal quotation marks omitted).  In making this determination, the court should generally accept the well-pled factual allegations of a complaint (except those relating to the amount of damages) as true.  *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981).  Where the claim sounds in fraud, however, or where the allegations in the complaint are largely conclusory, the court must carefully "evaluate the evidence presented to assure that the plaintiff has presented a prima facie case."  *In re Macias*, 324 B.R. at 186; *see MBNA Am. Bank, N.A. v. Hostetter (In re Hostetter)*, 320 B.R. 674, 679 (Bankr. N.D. Ind. 2005); *FCC Nat'l Bank v. Roberts (In re Roberts)*, 193 B.R. 828 (Bankr. W.D. Mich. 1996) (denying creditor's motion for default judgment where creditor failed to present evidence to establish the debtor's fraudulent intent).

### Sufficiency of Count One

Section 523(a)(2)(A) excepts from discharge debts "for money, property, [or] services, . . . to the extent obtained by false pretenses, a false representation, or actual fraud other than a statement concerning the debtor's or an insider's financial condition."  To establish a prima facie case under § 523(a)(2)(A), the creditor must demonstrate that:

> 1)  the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth;
>
> 2)  the debtor intended to deceive the creditor;
>
> 3)  the creditor justifiably relied on the false representation; and
>
> 4)  its reliance was the proximate cause of loss.

*Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998), *cert. denied*, 525 U.S. 978, 119 S. Ct. 438 (1998).  A creditor seeking to except a debt from discharge must prove each of these elements by a preponderance of the evidence.  *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991).

6

The allegations of Count One of the Complaint do not state a prima facie case. Columbiana states that it reasonably relied upon the false statements of the Debtor concerning the purpose of the requested loan. Reasonable reliance is a more stringent standard than that of justifiable reliance, which is all that is required under § 523(a)(2)(A). These are usually distinguished in that reasonable reliance imposes a duty to investigate, while justifiable reliance does not. "[T]he standard of 'justified reliance' is not whether a reasonably prudent man would be justified in relying, but whether the particular individual had the ability and right to so rely." *Monte Verde v. Moore*, 539 P.2d 1362, 1365 (Colo. App. 1975) (citing *Zimmerman v. Loose*, 425 P.2d 803 (Colo. 1967)), *cited in Field v. Mans,* 516 U.S. 59, 75, 116 S. Ct. 437, 446 (1995). Columbiana failed, however, to allege that the Debtor intended to deceive it or that its reliance upon the Debtor's false statement was the proximate cause of its loss.

The bankruptcy court held in effect that the Debtor's false statements could not have been the proximate cause of Columbiana's loss as a matter of law because Columbiana extended unsecured credit. The Panel need not reach the issue of whether a lender can ever be said to have justifiably relied upon the statement of purpose offered in connection with an unsecured loan, however, because the allegations of Count One are legally insufficient. Nevertheless, the Panel notes that proof of justifiable reliance will usually involve evidence of such things as internal lending policies and the scope of the review of the particular application in question. As indicated in the concurring opinion, Columbiana might have cured the defects in its pleading with the proof presented at the hearing on its motion for default judgment. The Panel has carefully reviewed the transcript of the hearing before the bankruptcy court and finds no indication that Columbiana attempted to introduce proof on the issues of the Debtor's intent or its justifiable reliance. Indeed, counsel for Columbiana stated, after a colloquy with the court about the sufficiency of the Second Amended Complaint, "There's nothing more that I can add to the complaint or my application for default judgment, your Honor. You are correct that it is an unsecured loan." (Tr. at 8.) This amounts to a concession by counsel that there was nothing that could be done to correct the defects in the complaint. The bankruptcy court was correct in determining that the allegations of Count One of the Second Amended Complaint are legally insufficient.

7

**Sufficiency of Count Two**

Section 523(a) also excepts from discharge debts:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (B) use of a statement in writing –
>     (i) that is materially false;
>     (ii) respecting the debtor's or an insider's financial condition;
>     (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>     (iv) that the debtor caused to be made or published with intent to deceive[.]

11 U.S.C. § 523(a)(2)(B). Count Two of the complaint does state that the Debtor made materially false written statements, but indicates that these false statements related to the purpose of the loan, not to the financial condition of the Debtor. Count Two of the complaint is legally insufficient.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's denial of the Appellant's motion for default judgment and dismissal of the Complaint is **AFFIRMED**.

**JAMES D. GREGG,** Bankruptcy Appellate Panel Judge, concurring in the judgment. I agree with the majority that the bankruptcy court should be affirmed. I write separately to address the rationale pertaining to the sufficiency of Count One of Columbiana's complaint. Count One alleges that a nondischargeable debt exists based upon "false pretenses, a false representation, or actual fraud other than a statement concerning the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

Although the allegations in Count One of Columbiana's complaint are conclusory and somewhat awkwardly drafted, I believe Court One is legally sufficient to state a cause of action. All elements of fraud have been alleged. *See Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998) (Section 523(a)(2)(A) requires the creditor to show that "(1) the debtor obtained money through a material misrepresentation that, at the time, the debtor

knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.").

The bankruptcy court's reasons for denying the requested default judgment are ambiguous. At the default hearing, the court stated that "the Complaint itself is insufficient to state a cause of action for dischargeability." (Tr. at 9.) However, rather than focusing on the sufficiency of the pleading, the court's primary focus was on the nature of the facts alleged in the complaint. Both at the hearing and in its order, the court expressed doubts about whether the Debtor's representations regarding the use of the loan proceeds could have been material misrepresentations on which Columbiana justifiably relied given Columbiana's failure to take a security interest in the materials to be purchased or the Debtor's home itself. (Tr. at 8, J.A. at 27-28.) The bankruptcy court properly questioned the allegations in the complaint on this basis. *See Piekarczyk v. Nantz (In re Nantz)*, 44 B.R. 543, 546 (Bankr. N.D. Ill. 1984) ("Any lender making an unsecured loan does so with the knowledge that the funds might easily be used for other than the stated purpose . . . . [The failure of the lender to retain a security interest] may bear upon the reasonability of reliance upon any representation made by the debtor.").

In response to the court's questioning at the default hearing, Columbiana should have offered proof in support of the allegations in its complaint. For instance, it could have offered testimony of its loan officers or other witnesses to establish that the Debtor's representations regarding the purpose of the loan were material and were justifiably relied upon in its decision to approve the loan. *Allegheny County (Pa.) United States Gov't Employees Fed. Credit Union v. Wimbish (In re Wimbish)*, 95 B.R. 379, 384 (Bankr. W.D. Pa. 1989) (credit union established reliance on debtor's representation that proceeds of unsecured loan would be used to make home improvements by presenting credible evidence "that the purpose listed in the application was of substantial importance, and would affect the loan's approval"). Importantly, Columbiana's attorney did not request to present proofs at the default hearing. If such a request had been made, the trial court would have afforded Columbiana an opportunity to present proofs. The court would then have made default findings of fact. Also, during oral argument, Columbiana's attorney conceded he had not even requested to make an offer of proof.

Because Columbiana did not present proofs, the court properly denied the requested default judgment, not because of insufficient allegations in Count One of the complaint, but rather for failure to establish all necessary elements of proof at the uncontested hearing.

With regard to the sufficiency of Count Two, I wholeheartedly agree with the analysis and result in the majority opinion. I respectfully concur that the bankruptcy court should be **AFFIRMED**.